UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SANDISK LLC SECURITIES LITIGATION. | Case No.  15-cv-01455-VC<br><br>**[PROPOSED] ORDER GRANTING AS MODIFIED PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**<br>Re: Dkt. Nos. 270, 274 |

**WHEREAS**, as of May 6, 2019, (a) City of Bristol Pension Fund ("Bristol"); City of Milford, Connecticut Pension & Retirement Board ("Milford"); Pavers and Road Builders Pension, Annuity and Welfare Funds ("Pavers and Road Builders Benefit Funds"); the City of Newport News Employees' Retirement Fund ("NNERF"); and Massachusetts Laborers' Pension Fund ("Massachusetts Laborers," together with Bristol, Milford, Pavers and Road Builders Benefit Funds, and NNERF, the "Class Representatives" or "Lead Plaintiffs"), on behalf of themselves and each of the members of the certified Class (defined below), on the one hand, and (b) SanDisk Corporation (n/k/a "SanDisk LLC" and owned by Western Digital, referred to herein as "SanDisk" or the "Company"), and Sanjay Mehrotra ("Mehrotra") and Judy Bruner ("Bruner", with Mehrotra the "Individual Defendants," and with SanDisk as well, the "Defendants"), on the other hand, entered into a Revised Stipulation and Agreement of Settlement (the "Stipulation") in the Action, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the Settlement of this Action;

**WHEREAS**, all capitalized terms used in this Preliminary Approval Order that are not otherwise defined herein have the meanings defined in the Stipulation;

**WHEREAS**, by Order entered September 4, 2018, the Court certified a Class of: all persons and entities who purchased or otherwise acquired publicly traded shares of common stock of SanDisk Corporation from October 16, 2014 through April 15, 2015, inclusive, (the "Class Period") and were damaged thereby. Excluded from the Class, by definition are: Defendants and their immediate family members; the officers and directors of the Company during the Class Period and their immediate family members; any entity in which Defendants have or had a controlling interest; any person or entity that timely and validly sought exclusion from the Class in connection with the Class Notice previously disseminated, who does not opt back into the Class; and the legal representatives, heirs, successors, assigns, or affiliates of any excluded person. Also excluded from the Class is any person or entity that seeks exclusion by timely submitting a valid request for exclusion in connection with the Settlement Notice, and those who had (a) sold all of their SanDisk stock prior to the first alleged corrective disclosure on March 26, 2015, and (b) made no subsequent purchases between March 26, 2015 and April 15, 2015;

**WHEREAS**, pursuant to this Court's Order entered December 13, 2018, the Class Notice was mailed to potential members of the Class to notify them of, among other things: (a) the Action pending against the Defendants; (b) the Court's certification of the Action as a class action on behalf of the certified Class; (c) the effect of remaining in the Class on any person or entity that falls within the definition of the Class ("Class Members") (including that Class Members will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable); and (d) the right of Class Members to request exclusion from the Class, the requirements for requesting exclusion, and the effect of exclusion;

**WHEREAS**, a list of five timely and valid requests for exclusion in connection with the Class Notice was filed with the Court on March 21, 2019 (ECF No. 269-3) and a sixth request for exclusion was subsequently received that the Parties do not object to;

**WHEREAS**, the Court has reviewed and considered the Stipulation, the accompanying

exhibits thereto, and the submissions made relating to Class Representatives' motion for preliminary approval of the proposed class action Settlement; and

**WHEREAS**, the Parties to the Stipulation have consented to the entry of this Preliminary Approval Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, that this 24th day of May, 2019:

1. The Court has considered the Stipulation under the applicable standard set forth in Fed. R. Civ. P. 23(e)(1)(B). "At the initial [approval] stage, the inquiry should be whether the settlement is 'fair, reasonable, and adequate,' based on any information the district court receives from the parties or can obtain through its own research," and that inquiry is as rigorous as at the final approval stage. *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1037 (N.D. Cal. 2016) (Chhabria, J.). Having conducted this inquiry, the Court hereby preliminarily approves the Settlement, subject to further consideration at the settlement hearing described below.

2. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on September 26, 2019, at 10:00 a.m. for the following purposes:

    (a) to determine whether the Settlement is fair, reasonable and adequate, and should be finally approved by the Court;

    (b) to determine whether the Final Order and Judgment ("Judgment"), as provided for by the Stipulation, should be entered;

    (c) to determine whether the Plan of Allocation for the distribution of the proceeds of the Settlement is fair, reasonable, and adequate, and should be finally approved by the Court;

    (d) to consider Class Counsel's motion for an award of attorneys' fees and expenses; and

    (e) to rule upon such other matters as the Court may deem appropriate.

3. The Court may approve the Settlement with or without modification and with or without additional notice beyond that set forth herein. The Court may enter the Judgment

approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice beyond that set forth herein.

4. The Court approves the form, substance, and requirements of the Revised Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice"), and the Proof of Claim and Release form ("Proof of Claim" and, together with the Settlement Notice, the "Claim Packet"), substantially in the forms ~~annexed hereto as Exhibits A-1 and A-2~~ filed at ECF No. 274-3 as Exhibit III and at ECF No. 271-1 as Exhibit A-2, respectively.

5. The Court approves the retention of Epiq Class Action & Claims Solutions, Inc., which it previously approved to administer the provision of the Class Notice, as the Claims Administrator. The Claims Administrator shall cause the Settlement Notice and Proof of Claim, substantially in the forms ~~annexed hereto~~ filed at ECF No. 274-3 as Exhibit III and at ECF No. 271-1 as Exhibit A-2, to be mailed, by first-class mail and postage prepaid, and emailed (to the extent email addresses have been provided) on or before 17 business days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort, including by using the mailing records obtained in connection with the Class Notice. SanDisk, to the extent it has not already done so, shall use its best efforts to obtain and provide to Class Counsel, or the Claims Administrator, its transfer records in electronic searchable form containing the names and addresses of purchasers of the publicly traded common stock of SanDisk during the Class Period, to the extent that information is available, no later than ten (10) business days after entry of this Preliminary Approval Order.

6. On or before the Notice Date, the Claims Administrator shall also post the following on the website for the Action (www.SandiskSecuritiesLitigation.com): the Stipulation; the Claim Packet; Class Representatives' motion for preliminary approval of the Settlement; and this Preliminary Approval Order.

7. The dissemination of the Settlement Notice shall take into account the previously disseminated Class Notice as follows. With respect to the Class Notice, brokers, and other nominees ("Nominees") that were advised that if, for the beneficial interest of any person or entity other than themselves, they purchased SanDisk publicly traded common stock during the Class Period, they must either: (i) provide a list of the names, addresses, and email addresses of all such beneficial owners to the administrator; or (ii) request from the administrator sufficient copies of the Class Notice to mail to all such beneficial owners, mail them to all such beneficial owners, and provide the administrator with email addresses for all such beneficial owners. Thus, with respect to the Settlement Notice:

(a) For Nominees who previously chose the first option (*i.e.*, provided a list of names, addresses, and emails of beneficial holders to the administrator), the Claims Administrator shall promptly mail, by first-class mail, postage prepaid, and email (to the extent email addresses were provided) a copy of the Claim Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee has identified additional beneficial owners whose names and addresses **WERE NOT** previously provided to the Claims Administrator, such Nominees need not take any further action;

(b) For Nominees who previously chose the second option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), the Claims Administrator shall forward the same number of Claim Packets to such Nominees, and the Nominees SHALL, WITHIN TEN (10) CALENDAR DAYS of receipt of the Claim Packets, mail them by first-class mail, postage prepaid, to the beneficial owners. Unless the Nominee has identified additional beneficial owners whose names and addresses **WERE NOT** previously provided to the Claims Administrator, such Nominees need not take any further action;

(c) For Nominees that have identified additional beneficial owners who **WERE NOT** previously identified in connection with the Class Notice, such Nominees

5

SHALL EITHER: (i) WITHIN TEN (10) CALENDAR DAYS of receipt of the Claim Packet, provide a list of the names and addresses (including emails if available) of all such additional beneficial owners to the Claims Administrator; or (ii) WITHIN TEN (10) CALENDAR DAYS of receipt of the Claim Packet, request from the Claims Administrator sufficient copies of the Claim Packet to forward to all such additional beneficial owners, which the Nominee SHALL, WITHIN TEN (10) CALENDAR DAYS of receipt of the Claim Packets from the Claims Administrator, mail, by first-class mail, postage prepaid, to the beneficial owners and provide the Claims Administrator with email addresses for all such beneficial owners;

(d) Nominees who elect to send the Claim Packet to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and SHALL RETAIN their mailing records for use in connection with any further notices that may be provided in the Action; and

(e) Upon full and timely compliance with this Preliminary Approval Order, Nominees who mail the Claim Packets to beneficial owners, or who provide additional names and addresses of beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Unreasonable expenses shall not be reimbursed. Such properly documented expenses incurred by Nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses subject to review by the Court.

8. Class Counsel shall, at least fourteen (14) calendar days before the Settlement Hearing, file with the Court proof of mailing of the Settlement Notice and Proof of Claim.

9. The Court approves the form of the Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses ("Summary Settlement Notice"),

6

substantially in the form ~~annexed hereto~~ filed at ECF No. 271-1 as Exhibit A-3, and directs that the Claims Administrator shall cause the Summary Settlement Notice to be published in *Investor's Business Daily* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Class Counsel shall, at least fourteen (14) calendar days before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

10. The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

11. In order to be eligible to receive a distribution from the Net Settlement Fund established by the Settlement, each claimant shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form ~~annexed hereto~~ filed at ECF No. 271-1 as Exhibit A-2, must be submitted to the Claims Administrator, at the address indicated in the Settlement Notice, such that it is postmarked or electronically submitted no later than fourteen (14) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Class Counsel in their discretion.  Each Proof of Claim sent by mail shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Settlement Notice.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Class Counsel, but

shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by ¶13 of this Preliminary Approval Order.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.  Class Counsel shall have no liability for their discretion in accepting late claims;

      (b)      The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator with such supervision by Class Counsel, as necessary; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury; and

      (c)      As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

12.    Any Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If any Class Member does not enter an appearance, he, she, or it will be represented by Class Counsel.

13.    Class Members shall be bound by all orders, determinations, and judgments in this Action, whether favorable or unfavorable, unless such Persons requested exclusion in connection with the previously disseminated Class Notice, and are listed in ECF No. 269-3, or request

exclusion from the Class in a timely and proper manner in connection with the Settlement Notice, or their request for exclusion is otherwise allowed by the Court or the Parties.

      (a)    A Class Member wishing to make such an exclusion request shall either mail the request in written form by first-class mail to the address designated in the Settlement Notice for such exclusions, or use the case website to submit the request, such that it is received (not simply postmarked) or submitted online no later than twenty-one (21) calendar days before the Settlement Hearing.  Such request for exclusion must state the name, address, and telephone number of the Person seeking exclusion, must state that the sender Person to be "excluded from the Class in *In re: SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455-VC" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Settlement Notice, including the number of shares of SanDisk common stock that the Person purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court or the Parties.

14.    Any Person that has requested exclusion from the Class in connection with the previously disseminated Class Notice may elect to opt-back into the Class.  By opting-back into the Class, such Person shall be eligible to submit a Proof of Claim for payment from the Net Settlement Fund.  Any such Person who wishes to opt-back into the Class must either, individually or through counsel, request to opt-back into the Class in writing to the Claims Administrator within the time and in the manner set forth in the Settlement Notice, which provides that any such request to opt-back into the Class must be mailed or submitted such that it is received, not simply postmarked, no later than twenty-one (21) calendar days before the Settlement Hearing, at the address set forth in the Settlement Notice.  Each request to opt-back into the Class must: (a) provide the name, address, and telephone number of the Person or entity requesting to opt-back into the Class; (b) state that such Person or entity "requests to opt-back

into the Class in *In re: SanDisk LLC Sec. Litig*., No. 3:15-cv-01455-VC"; and (c) be signed by the Person or entity requesting to opt-back into the Class or an authorized representative. Class Members who have requested exclusion from the Class, and who do not opt-back into the Class, shall not be eligible to receive any payment out of the Net Settlement Fund, as described in the Stipulation and Settlement Notice.

      15.    Any Class Member may show cause why the proposed Settlement should or should not be approved by the Court, why the proposed Plan of Allocation should or should not be approved by the Court, and/or why the application for an award of attorneys' fees, litigation expenses, or the Class Representatives' expenses should or should not be approved by the Court, if such Class Member has submitted his, her, or its written objection/submission and supporting papers to the Court either by: (i) mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, Box 36060, San Francisco, California 94102-3489; or (ii) filing them in-person at any location of the Court. Such objections, papers, and briefs must be received or filed, not simply postmarked, on or before twenty-one (21) calendar days before the Settlement Hearing. Any Class Member who does not make his, her, or its objection in the manner provided for above and in the Settlement Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Failure to comply with requirements for submitting objections may be excused by the Court for good cause.

      16.    Attendance at the Settlement Hearing is not necessary, however, Persons wishing to be heard orally in connection with approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written submission their intention to appear at the Settlement Hearing. Persons who intend to present evidence at the Settlement Hearing must include in their written submission the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the

Settlement Hearing. If a Class Member hires an attorney to represent him, her, or it for the purpose of making an objection, the attorney must file a notice of appearance with the Court and effect service on the parties to the Action on or before twenty-one (21) calendar days before the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval. Failure to comply with requirements for appearing at the Settlement Hearing may be excused by the Court for good cause.

17. As provided in the Stipulation, before the Effective Date, Class Counsel may pay the Claims Administrator fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from Defendants and without further order of the Court.

18. All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days before the Settlement Hearing. Any reply papers are to be filed with the Court and served no later than seven (7) calendar days before the Settlement Hearing.

19. The Court approves the appointment of Huntington Bank as the Escrow Agent to manage and administer the Settlement Fund for the benefit of the Class.

20. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Class Member or Class Counsel shall have any right to any portion of, or to any distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

21. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

22.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Class Counsel or Class Representatives.

23.     If the Settlement fails to become effective, as defined in the Stipulation, or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of March 8, 2019.

24.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or connected with, the Settlement.

**IT IS SO ORDERED.**

Dated: May 24, 2019

                                                                         _____
                                                                         VINCE CHHABRIA
                                                                         United States District Judge