DEBORAH CLARK-WEINTRAUB (*pro hac vice*)
MAX R. SCHWARTZ (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
Email: dweintraub@scott-scott.com
        mschwartz@scott-scott.com

*Attorneys for Class Representatives and the Class*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: SANDISK LLC SECURITIES LITIGATION | Case No. 3:15-cv-01455-VC |
| | Hon. Vince Chhabria |
| | **CLASS COUNSEL'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | Date:     September 26, 2019 at 10:00 a.m. |
| | Dept.:   Courtroom 4, 17th Floor |
| | Judge:   Hon. Vince Chhabria |

# <u>TABLE OF CONTENTS</u>

NOTICE OF MOTION AND MOTION ...................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ......................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 2

PRELIMINARY STATEMENT .............................................................................................. 2

ARGUMENT ........................................................................................................................... 3

    I.      CLASS COUNSEL'S REQUEST FOR ATTORNEYS' FEES OF 25% OF THE COMMON FUND SHOULD BE APPROVED ........................................... 3

          A.     A Reasonable Percentage of the Fund Recovered Is the Appropriate Method for Awarding Attorneys' Fees in Common Fund Cases ................. 3

          B.     Analysis Under the Percentage Method and *Vizcaino* Factors Justify a Fee Award of 25% in this Case ....................................................................... 4

                 1.     The Substantial Result Achieved ........................................................ 5

                 2.     The Significant Risks of Litigation .................................................... 6

                 3.     The Skill Required and Quality of Work ............................................ 7

                 4.     The Contingent Nature of the Fee and Financial Burden Carried by Counsel ............................................................................. 8

                 5.     A 25% Fee Award Here Would Be Consistent with Awards in Similar Cases ....................................................................................... 9

                 6.     Reaction of the Settlement Class ..................................................... 10

                 7.     Lodestar Cross-Check ...................................................................... 11

    II.     PLAINTIFFS' COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARY TO ACHIEVE THE BENEFIT OBTAINED ................... 12

    III.    CLASS REPRESENTATIVES' REQUEST FOR PSLRA REIMBURSEMENT ........................................................................................ 14

CONCLUSION ...................................................................................................................... 15

i

NOTICE OF MOTION & MOTION FOR AWARD OF ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 3:15-CV-01455-VC

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*In re Amgen Inc. Sec. Litig.*,
  No. CV 7-2536 PSG, 2016 WL 10571773 (C.D. Cal. Oct. 25, 2016)................................9, 12

*Anixter v. Home-Stake Prod. Co.*,
  77 F.3d 1215 (10th Cir. 1996) ...........................................................................................9

*Bateman Eichler, Hill Richards, Inc. v. Berner*,
  472 U.S. 299 (1985).............................................................................................................8

*Billitteri v. Sec. Am., Inc.*,
  No. 3:09-cv-01568-F, 2011 WL 3585983 (N.D. Tex. Aug. 4, 2011)....................................10

*In re Biolase, Inc. Sec. Litig.*,
  No. SACV 13-1300-JLS, 2015 WL 12720318 (C.D. Cal. Oct. 13, 2015) ........................5, 12

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980).............................................................................................................3

*In re Broadcom Corp. Class Action Litig.*,
  No. 2:06-cv-05036-R-CW, slip op. (C.D. Cal. Dec. 4, 2012) ...............................................14

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993).....................................................................................................2, 5, 6

*Destefano v. Zynga, Inc.*,
  No. 12-cv-04007-JSC, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016) .....................................8

*Harris v. Marhoefer*,
  24 F.3d 16 (9th Cir. 1994) ...............................................................................................13

*Hatamian v. Advanced Micro Devices, Inc.*,
  No. 4:14-cv-00226-YGR, slip op. (N.D. Cal. Mar. 2, 2018)................................................14

*In re Heritage Bond Litig.*,
  No. 02-ML-1475-DT(RCX), 2005 WL 1594389 (C.D. Cal. June 10, 2005) ...................7, 10

*In re Hewlett-Packard Co. Sec. Litig.*,
  No. 8:11-cv-01404-AG-RNB, slip op. (C.D. Cal. Sept. 15, 2014).......................................10

*Hicks v. Stanley*,
  No. 01 Civ. 10071(RJH), 2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005)..............................15

*In re Immune Response Sec. Litig*,
  497 F. Supp. 2d 1166 (S.D. Cal. 2007).................................................................................13

*Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech., Inc.*,
  No. 3:09-cv-00419-MMD-WGC, 2012 WL 5199742 (D. Nev. Oct. 19, 2012)......................5

ii

NOTICE OF MOTION & MOTION FOR AWARD OF ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES,
AND REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 3:15-CV-01455-VC

*In re JDS Uniphase Corp. Sec. Litig.*,
    No. 4:02-cv-01486-CW ................................................................................................8

*In re Marsh & McLennan Cos., Inc. Sec. Litig.*,
    No. 04 Civ. 08144(CM), 2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009)................................14

*McPhail v. First Command Fin. Planning, Inc.*,
    No. 05cv179-IEG-JMA, 2009 WL 839841 (S.D. Cal. Mar. 30, 2009) ....................................5

*In re MGM Mirage Sec. Litig.*,
    No. 2:09-cv-01558-GMN-VCF, slip op. (D. Nev. Mar. 1, 2016), *aff'd*,
    705 F. App'x 894 (9th Cir. 2017) .............................................................................................9

*Mo. v. Jenkins by Agyei*,
    491 U.S. 274 (1989).................................................................................................................12

*In re NII Holdings, Inc. Sec. Litig.*,
    No. 1:14-cv-00227-LMB-JFA, slip op. (E.D. Va. Sept. 16, 2016).........................................10

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ...............................................................................5, 8

*In re Oracle Corp. Sec. Litig.*,
    No. C 01-00988 SI, 2009 WL 1709050 (N.D. Cal. June 19, 2009), *aff'd*,
    627 F.3d 376 (9th Cir. 2010) ....................................................................................................8

*In re Pac. Enters. Sec. Litig.*,
    47 F.3d 373 (9th Cir. 1995) ..................................................................................................2, 6

*Paul, Johnson, Alston & Hunt v. Graulty*,
    886 F.2d 268 (9th Cir. 1989) ....................................................................................................4

*In re Portal Software, Inc. Sec. Litig.*,
    No. C-03-5138 VRW, 2007 WL 4171201 (N.D. Cal. Nov. 26, 2007) ...................................11

*Robbins v. Koger Props., Inc.*,
    116 F.3d 1441 (11th Cir. 1997) ................................................................................................9

*Rutti v. Lojack Corp., Inc.*,
    No. SACV 06-350 DOC (JCx), 2012 WL 3151077 (C.D. Cal. July 31, 2012).....................12

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
    No. 1:09-md-02027-JPO, slip op. (S.D.N.Y. Sept. 13, 2011) ...............................................15

*Steiner v. Am. Broad. Co., Inc.*,
    248 F. App'x 780 (9th Cir. 2007) ...........................................................................................11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)...................................................................................................................8

*In re Titan, Inc. Sec. Litig.*,
    No. 3:04-cv-00676-LAB-NLS, slip op. (S.D. Cal. Dec. 20, 2005) ........................................10

*In re Verisign, Inc. Sec. Litig.*,
  No. 5:02-cv-02270-JW, slip op. (N.D. Cal. Apr. 24, 2007) ...................................................10

*Vincent v. Reser*,
  No. C 11-03572 CRB, 2013 WL 621865 (N.D. Cal. Feb. 19, 2013) .................................3, 13

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) ...................................................................................... *passim*

*Ward v. Succession of Freeman*,
  854 F.2d 780 (5th Cir. 1998) .........................................................................................9

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994), *aff'd in part*,
  *Class Plaintiffs v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306 (9th Cir. 1994)........................3, 4

*In re Xcel Energy, Inc. Sec., Deriv. & "ERISA" Litig.*,
  364 F. Supp. 2d 980 (D. Minn. 2005) .......................................................................9

**STATUTES, RULES & REGULATIONS**

15 U.S.C. §78u-4(a)(6) ......................................................................................................4

NOTICE OF MOTION & MOTION FOR AWARD OF ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 3:15-CV-01455-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND COUNSEL OF RECORD

PLEASE TAKE NOTICE that on September 26, 2019, at 10:00 a.m., or at such other time as may be set, in Courtroom 4 of the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Scott+Scott Attorneys at Law LLP ("Scott+Scott" or "Class Counsel"), on behalf of itself and all other Plaintiffs' Counsel,[1] will move for an order: (i) awarding attorneys' fees of 25% of the Settlement Fund; (ii) awarding payment of litigation expenses in the amount of $885,149.36; and (iii) approving Class Representatives' request for payment of expenses related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(4), in the aggregate amount of $31,049.44.

This motion is based upon the following memorandum in support; the Declaration of Deborah Clark-Weintraub in Support of Class Representatives' Motion for Final Approval of Class Action Settlement and Plan of Allocation and Class Counsel's Motion for Award of Attorneys' Fees, Payment of Litigation Expenses, and Reimbursement of Class Representatives' Costs and Expenses ("Weintraub Decl."), dated August 22, 2019, with annexed exhibits;[2] the Stipulation; all of the prior pleadings and papers in this Action; and such additional information or argument as may be required by the Court.

## STATEMENT OF ISSUES TO BE DECIDED

1.     Whether the Court should approve Class Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses; and

2.     Whether the Court should approve the Class Representatives' requests, pursuant

---

[1]     Unless otherwise defined herein, all capitalized terms have the same definitions as set forth in the Revised Stipulation and Agreement of Settlement (the "Stipulation"), dated as of May 20, 2019, previously filed with the Court (ECF No. 274-1).

[2]     The Weintraub Declaration is an integral part of this submission and, for the sake of brevity in this memorandum, the Court is respectfully referred to it for a detailed description of, *inter alia*, the: history of this Action; nature of the claims asserted; negotiations leading to the Settlement; and risks and uncertainties of continued litigation, among other things. All exhibits referenced herein are annexed to the Weintraub Declaration.

to the PSLRA, 15 U.S.C. §78u-4(a)(4), for payment of their reasonable expenses related to their representation of the Settlement Class.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

As detailed in the Stipulation, Defendants SanDisk Corporation (n/k/a "SanDisk LLC" and owned by Western Digital, referred to herein as "SanDisk" or the "Company"), Sanjay Mehrotra, and Judy Bruner (collectively, "Defendants"), have agreed to settle the claims in this Action, and related claims, in exchange for a cash payment of $50,000,000 ("Settlement"). It is respectfully submitted that this recovery is an excellent result for the Class and avoids the substantial risks and expenses of pursuing this Action through a decision on summary judgment and trial.

Plaintiffs' Counsel have not received any compensation for their prosecution of this Action, which required more than three years of vigorous advocacy, including complete merits and expert discovery, the filing of primary summary judgment and *Daubert* briefs, and beginning to prepare for trial. Class Counsel[3] respectfully requests, on behalf of all Plaintiffs' Counsel, that they be awarded an attorneys' fee of 25% of the Settlement Fund, which will include any accrued interest, that Plaintiffs' Counsel be reimbursed for litigation expenses in the amount of $885,149.36 (plus accrued interest), and that Class Representatives' request for reimbursement pursuant to the PSLRA in the aggregate amount of $31,049.44 be approved. This 25% fee request, which is consistent with the Ninth Circuit's 25% "benchmark" for contingent fees, would provide a significantly negative "multiplier" of Plaintiffs' Counsel's lodestar and has been approved by the five Class Representatives who were actively involved in the Action. *See, e.g.*, *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) ("Twenty-five percent is the

---

[3]     Class Counsel was aided in this case by Cohen Milstein Sellers & Toll PLC and Labaton Sucharow LLP. The Thornton Law Firm and The Corrente Law Corporation also assisted Class Representative Massachusetts Laborers' Pension Fund. Collectively, these law firms are referred to herein as "Plaintiffs' Counsel." No other law firms will share in the attorneys' fees awarded by the Court.

1   'benchmark' that district courts should award in common fund cases.").   Class Counsel also

2   respectfully requests that 10% of this amount be withheld pending distribution of the Settlement

3   Fund.

4        As discussed herein, as well as in the Weintraub Declaration, it is respectfully submitted

5   that the requested fee is fair and reasonable when considered under the applicable standards in

6   the Ninth Circuit, particularly in view of the substantial risks of pursuing this Action, considerable

7   litigation efforts, and results achieved for the Class.   Moreover, the expenses requested are

8   reasonable in amount and were necessarily incurred for the successful prosecution of this Action.

9   As such, the requested fees and expenses should be awarded in full.

10                               **ARGUMENT**

11   **I.    CLASS COUNSEL'S REQUEST FOR ATTORNEYS' FEES OF 25% OF THE COMMON FUND SHOULD BE APPROVED**

12

13        **A.    A Reasonable Percentage of the Fund Recovered Is the Appropriate Method for Awarding Attorneys' Fees in Common Fund Cases**

14        It is well settled that attorneys who represent a class and whose efforts achieve a benefit

15   for class members are "entitled to a reasonable attorney's fee from the fund as a whole" as

16   compensation for their services.  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980);[4] *see also*

17   *Vincent v. Reser*, No. C 11-03572 CRB, 2013 WL 621865, at *4 (N.D. Cal. Feb. 19, 2013)

18   (quoting *Boeing*, 444 U.S. at 478).   The purpose of this rule, known as the "common fund

19   doctrine," is to prevent unjust enrichment so that "those who benefit from the creation of the fund

20   should share the wealth with the lawyers whose skill and effort helped create it."  *In re Wash.*

21   *Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("*WPPSS*"), *aff'd in part*,

22   *Class Plaintiffs v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306 (9th Cir. 1994).

23        Within the Ninth Circuit, although a district court has discretion to award fees in common

24   fund cases based on either the lodestar/multiplier method or the percentage-of-the-fund method,

25   the percentage method has become the prevailing methodology.  *See Vizcaino v. Microsoft Corp.*,

26   290 F.3d 1043, 1047-48 (9th Cir. 2002).   Compensating counsel in common fund cases on a

27   _____

28   [4]        Unless otherwise indicated herein, all citations are omitted and emphasis is added.

1  percentage basis more closely aligns the lawyers' interest in being paid a fair fee with the interest

2  of the class in achieving the maximum possible recovery in the shortest amount of time.  Indeed,

3  under the PSLRA, Congress expressly recognized the propriety of the percentage method for fee

4  awards.  *See* 15 U.S.C. §78u-4(a)(6) ("Total attorneys' fees and expenses awarded by the court

5  to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any

6  damages and prejudgment interest actually paid to the class.").

7  **B.       Analysis Under the Percentage Method and *Vizcaino* Factors Justify a Fee**
          **Award of 25% in this Case**

8
9          In *Paul, Johnson*, *Alston & Hunt v. Graulty*, the Ninth Circuit established 25% of a

10  common fund as the "benchmark" award for attorneys' fees.  886 F.2d 268, 273 (9th Cir. 1989).

11  At the same time, the guiding principle in this Circuit is that a fee award "be 'reasonable under

12  the circumstances.'"  *WPPSS*, 19 F.3d at 1296 (emphasis omitted).  In evaluating whether a

13  requested fee is reasonable, courts within the Ninth Circuit apply the five factors identified by the

14  court in *Vizcaino*:  (1) the result achieved; (2) the risk of litigation; (3) the skill required and

15  quality of the work; (4) awards made in similar cases; and (5) the contingent nature of the fee and

16  financial burden carried by counsel.  *Vizcaino*, 290 F.3d at 1048-50.  The Ninth Circuit has

17  explained that these factors should not be used as a rigid checklist or weighed individually, but,

18  rather, should be evaluated in light of the totality of the circumstances.  *Id*.

19          As set forth below, all of the *Vizcaino* factors support the requested fee of 25%.  Moreover,

20  a lodestar cross-check confirms the reasonableness of the requested fee.  *See id*. at 1047-48

21  (affirming use of percentage method and applying the lodestar method as a cross-check).  Here,

22  Plaintiffs' Counsel have dedicated 28,969.8 hours to the prosecution of this case over the last

23  three plus years, with a lodestar value of $15,950,994.50.  Weintraub Decl. ¶133.  Thus, if granted,

24  the requested fee would be only a portion of Plaintiffs' Counsel's lodestar in the case.

25

26

27

28

1

###### 1.     The Substantial Result Achieved

2         Class Counsel submits that the $50 million proposed Settlement is an outstanding result

3  for the Class, both in absolute terms and when considering the risk of a lesser (or no) recovery if

4  the case proceeded to a decision on Defendants' pending motion for summary judgment and trial.

5         Moreover, as discussed in the Weintraub Declaration, according to analyses prepared by

6  Class Representatives' expert, the maximum aggregate damages the Class could have obtained at

7  trial are approximately $361 million.  *See* Weintraub Decl. ¶4; ECF No. 271-2 ¶28.  However,

8  Defendants strenuously maintained, and would continue to maintain, that no or far less damages

9  could be proven at trial.  Even if Defendants' *Daubert* challenge to Class Representatives' expert

10  was rejected, if accepted by the jury, Defendants' expert's criticisms of Class Representatives'

11  damages model would have reduced the Class' maximum aggregate damages to approximately

12  $85 million at best.  Using the foregoing figures, the $50 million Settlement represents a gross

13  recovery of approximately 14% to 58% of estimated damages.  This is a considerably larger

14  recovery as a percentage of damages than in most securities class action cases.  Weintraub Decl.

15  ¶¶4, 87.  Moreover, Class Counsel achieved that result by prosecuting the action to within months

16  of trial.

17         The 14% to 58% percentage of recovery here compares very well to recoveries in other

18  securities class actions within the Ninth Circuit.  *See, e.g.*, *In re Biolase, Inc. Sec. Litig.*, No.

19  SACV 13-1300-JLS (FFMx), 2015 WL 12720318, at *4 (C.D. Cal. Oct. 13, 2015) (settlement at

20  "8% of the maximum recoverable damages . . . equals or surpasses the recovery in many other

21  securities class actions"); *Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech.,*

22  *Inc.*, No. 3:09-cv-00419-MMD-WGC, 2012 WL 5199742, at *3 (D. Nev. Oct. 19, 2012)

23  (settlement at approximately "3.5% of the maximum damages . . . is within the median recovery

24  in securities class actions settled in the last few years"); *McPhail v. First Command Fin. Planning,*

25  *Inc.*, No. 05cv179-IEG-JMA, 2009 WL 839841, at *5 (S.D. Cal. Mar. 30, 2009) (settlement at

26  "7% of the estimated damages . . . weigh[s] in favor of final approval"); *In re Omnivision Techs.,*

27  *Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (noting $13.75 million settlement yielding 6%

28

1    of potential damages after deducting fees and costs was "higher than the median percentage of

2    investor losses recovered in recent shareholder class action settlements").  In sum, the Settlement

3    provides a significant percentage of recovery, and significant total recovery, for the Settlement

4    Class.

5                          **2.        The Significant Risks of Litigation**

6            The risk of further litigation is also an important factor in determining a fair fee award.

7    *Vizcaino*, 290 F.3d at 1048 (noting "[r]isk is a relevant circumstance" in awarding attorneys'

8    fees); *Pacific Enterprises*, 47 F.3d at 379 (finding that "attorneys' fees [were] justified because

9    of the complexity of the issues and the risks").  As set forth in detail in the Weintraub Declaration,

10   there is no question that Class Representatives faced, and Class Counsel resisted, vociferous

11   defenses to liability and damages.  Although Class Representatives have prevailed at several

12   crucial stages of the litigation, including on the motion to dismiss the SAC and class certification,

13   Defendants continue to vehemently deny liability and there was no assurance that Class

14   Representatives' claims would completely survive Defendants' pending motion for summary

15   judgment, let alone trial.  Weintraub Decl. ¶¶89-95.

16           As described in the Weintraub Declaration, Class Representatives and Class Counsel

17   understood that the outcome of the pending summary judgment motion and upcoming trial would

18   turn on whether: (i) the Court would agree with Class Representatives that the "qualitative" and

19   "quantitative" statements alleged to be false in the SAC were actionable and material; (ii)

20   Defendants' claims of "no motive" evidence would sway a jury; and (iii) Class Representatives'

21   ability to establish loss causation and damages would be hampered by the exclusion of their

22   expert, Chad Coffman, under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

23   Moreover, even if Coffman's opinions were not excluded, Class Representatives faced a not

24   insubstantial risk that recoverable damages would be reduced: (i) by an adverse ruling of the

25   Court on Defendants' argument to dismiss alleged misstatements and omissions prior to January

26   21, 2015, which would have cut the Class Period in half; or (ii) the jury's determination to credit

27

28

NOTICE OF MOTION & MOTION FOR AWARD OF ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES,
AND REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 3:15-CV-01455-VC

1    Defendants' expert's criticisms of Coffman's damages methodology, which would have reduced

2    recoverable damages to approximately $85 million at best.  Weintraub Decl. ¶¶96-100.

3         Finally, if not settled, the Class in this case faced the considerable risk of lengthy

4    additional litigation, including a trial, extensive appellate practice, and a claims process, with no

5    guarantee of a greater recovery.  Plaintiffs' Counsel worked diligently to achieve a significant

6    result for the Class in the face of these very real risks.  As a result, the requested fee is fully

7    appropriate.  *Id.* ¶¶101-05.

8                    **3.    The Skill Required and Quality of Work**

9         Courts have recognized that the "'prosecution and management of a complex national

10   class action requires unique legal skills and abilities.'"  *In re Heritage Bond Litig.*, No. 02-ML-

11   1475-DT(RCX), 2005 WL 1594389, at *12 (C.D. Cal. June 10, 2005); *see also Vizcaino*, 290

12   F.3d at 1048.  Plaintiffs' Counsel have extensive and significant experience in the specialized

13   field of securities class action litigation.  The favorable Settlement is attributable in large part to

14   the diligence, determination, hard work, and skill of Plaintiffs' Counsel, who developed, litigated,

15   and successfully settled this Action.

16        Plaintiffs' Counsel devoted substantial effort to formulate the theories of the case, develop

17   sufficient facts to bring the case to the brink of trial, and achieve a significant Settlement.  Among

18   other things, Plaintiffs' Counsel filed two complaints, engaged in several rounds of briefing

19   related to Defendants' motions to dismiss, completed fact discovery over the course of 13 months,

20   reviewed approximately 920,000 pages of documents produced by Defendants, deposed 11

21   former SanDisk employees, successfully moved for class certification, completed expert

22   discovery, opposed Defendants' motion for summary judgment and to exclude the testimony of

23   Coffman, and moved for the exclusion of Defendants' expert.  In addition, given that trial was

24   approximately three months away at the time the Settlement was reached, Plaintiffs' Counsel

25   were immersed in trial preparations.  *See* Weintraub Decl. ¶¶20-79.

26        The quality of opposing counsel is also important in evaluating the quality of the work

27   done by Plaintiffs' Counsel.  *See, e.g.*, *Heritage Bond*, 2005 WL 1594389, at *12.  Plaintiffs'

28

                                        7

Counsel were opposed in this Action by Wilson Sonsini Goodrich & Rosati Professional Corporation, which provided vigorous opposition.  In the face of that, Plaintiffs' Counsel were able to develop the case so as to persuade Defendants to settle this Action on terms extremely favorable to the Class.  Weintraub Decl. ¶126.

**4.    The Contingent Nature of the Fee and Financial Burden Carried by Counsel**

It is well-settled that attorneys are entitled to a larger fee when their compensation is contingent in nature.  *See Vizcaino*, 290 F.3d at 1048-50; *Omnivision*, 559 F. Supp. 2d at 1047 ("The importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee."); *Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at *18 (N.D. Cal. Feb. 11, 2016) (noting that "when counsel takes on a contingency fee case and the litigation is protracted, the risk of non-payment after years of litigation justifies a significant fee award").

The Supreme Court has also emphasized that private securities actions, such as this, provide "'a most effective weapon in the enforcement' of the securities laws and are 'a necessary supplement to [SEC] action.'"  *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310 (1985); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (noting that meritorious private actions to enforce federal antifraud securities laws are an essential supplement to criminal prosecutions and civil enforcement actions).

There have been many class actions in which plaintiffs' counsel took on the risk of pursuing claims on a contingent basis, expending thousands of hours and hundreds of thousands of dollars, yet received no remuneration whatsoever despite their diligence and expertise.  *See, e.g.*, *In re JDS Uniphase Corp. Sec. Litig.*, No. 4:02-cv-01486-CW, Jury Verdict (N.D. Cal. Nov. 27, 2007) (ECF No. 1883) (trial resulted in verdict for the defendants); *In re Oracle Corp. Sec. Litig.*, No. C 01-00988 SI, 2009 WL 1709050 (N.D. Cal. June 19, 2009), *aff'd*, 627 F.3d 376 (9th Cir. 2010) (summary judgment granted to defendants after eight years of litigation and after

8

plaintiff's counsel incurred over $6 million in expenses and worked over 100,000 hours, representing a lodestar of approximately $48 million).  Class Counsel is aware of many other hard-fought lawsuits in which, because of changes in the law during the pendency of the case, or a decision of a judge or jury following a trial on the merits, excellent professional efforts produced no fee for counsel.  *See, e.g.*, *Ward v. Succession of Freeman*, 854 F.2d 780 (5th Cir. 1998) (reversing plaintiffs' jury verdict for securities fraud); *Robbins v. Koger Props., Inc.*, 116 F.3d 1441 (11th Cir. 1997) (reversing $81 million jury verdict and dismissing case with prejudice); *Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215 (10th Cir. 1996) (overturning plaintiffs' verdict obtained after two decades of litigation); *In re Xcel Energy, Inc. Sec., Deriv. & "ERISA" Litig.*, 364 F. Supp. 2d 980, 994 (D. Minn. 2005) ("Precedent is replete with situations in which attorneys representing a class have devoted substantial resources in terms of time and advanced costs yet have lost the case despite their advocacy.").

Here, because Plaintiffs' Counsel's fee was entirely contingent, they are only receiving a fee after undertaking significant amounts of time, effort, and expense and have received no compensation for their efforts during the three plus years of hard-fought litigation here.

### 5.     A 25% Fee Award Here Would Be Consistent with Awards in Similar Cases

As noted above, the Ninth Circuit has set a "benchmark" of 25% of the recovery obtained. *Vizcaino*, 290 F.3d at 1047.  At the same time, "[s]election of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case."  *Id.* at 1048.  Here, given the significant recovery for the Class, the challenges and risks faced by Plaintiffs' Counsel during the course of the litigation, and the substantial amount of effort necessary to bring this Action to within three months of trial, Class Counsel respectfully submit that an award at the 25% benchmark would be appropriate and that courts in this Circuit have granted such awards in similar circumstances.  *See, e.g.*, *In re Amgen Inc. Sec. Litig.*, No. CV 7-2536 PSG (PLAx), 2016 WL 10571773, at *9-10 (C.D. Cal. Oct. 25, 2016) (awarding 25% of $95 million settlement, plus expenses); *In re MGM Mirage Sec. Litig.*, No. 2:09-cv-01558-GMN-

9

1  VCF, slip op. at 1 (D. Nev. Mar. 1, 2016), *aff'd*, 705 F. App'x 894 (9th Cir. 2017) (awarding 25%

2  of $75 million settlement, plus expenses);[5] *In re Hewlett-Packard Co. Sec. Litig.*, No. 8:11-cv-

3  01404-AG-RNB, slip op. at 2-3 (C.D. Cal. Sept. 15, 2014) (awarding 25% fee of $57 million

4  settlement); *In re Titan, Inc. Sec. Litig.*, No. 3:04-cv-00676-LAB-NLS, slip op. at 3 (S.D. Cal.

5  Dec. 20, 2005) (awarding 25% of $61.5 million settlement); *In re Verisign, Inc. Sec. Litig.*, No.

6  5:02-cv-02270-JW, slip op. at 1 (N.D. Cal. Apr. 24, 2007) (awarding 25% of $78 million

7  settlement).

8       An examination of fee decisions in other federal jurisdictions in securities class actions

9  with comparable settlements also shows that an award of 25% would be reasonable. *See, e.g.*, *In*

10  *re NII Holdings, Inc. Sec. Litig.*, No. 1:14-cv-00227-LMB-JFA, slip op. at 2 (E.D. Va. Sept. 16,

11  2016) (awarding 25% fee of $41.5 million settlement); *Billitteri v. Sec. Am., Inc.*, No. 3:09-cv-

12  01568-F, 2011 WL 3585983, at *4, 9 (N.D. Tex. Aug. 4, 2011) (awarding 25% of an $80 million

13  settlement).

14       It is respectfully submitted that applying the 25% benchmark here is justified by the facts

15  of this Action and consistent with fees awarded by district courts in comparable securities

16  settlements.

17       **6.**     **Reaction of the Settlement Class**

18       Although not articulated specifically in *Vizcaino*, district courts in the Ninth Circuit also

19  consider the reaction of the class when deciding whether to award the requested fee. *See Heritage*

20  *Bond*, 2005 WL 1594389, at *15 ("The presence or absence of objections . . . is also a factor in

21  determining the proper fee award."). A total of 203,555 copies of the Settlement Notice Packet

22  have been disseminated to potential Class Members, and the Court-approved Summary

23  Settlement Notice was published in *Investor's Business Daily* and transmitted over the internet

24  using *PR Newswire*. Weintraub Decl. ¶¶108-09; Ex. 6 ¶¶10, 12. In addition, the Stipulation and

25  Settlement Notice, among other documents, were posted to the website dedicated to the Action.

26

27  [5]     A compendium of unreported slip opinions is submitted as Ex. 10.

28

1    Ex. 6 ¶17.  Although the objection deadline will not run until September 5, 2019, to date, no

2    objections to the requested amount of attorneys' fees and expenses have been received.[6]

3            Class Counsel also notes that while the Settlement Notice informed the Class that they

4    would seek fees of up to 28%, they are seeking less than the maximum percentage set forth

5    therein.

6                         **7.      Lodestar Cross-Check**

7            Although an analysis of counsel's lodestar is not required for an award of attorneys' fees

8    in the Ninth Circuit, a cross-check of the fee request with Plaintiffs' Counsel's lodestar here

9    demonstrates its reasonableness.  *Vizcaino*, 290 F.3d at 1050.

10           Plaintiffs' Counsel's combined "lodestar" is $15,950,994.50 for work through August 16,

11   2019, meaning that the requested fee, if awarded, would represent a significant negative

12   "multiplier" of approximately 0.78, or just 78%, of Plaintiffs' Counsel's combined lodestar.  *See*

13   Weintraub Decl. ¶¶133-34; Exs. 7-A, 8-A, and 9-A.[7]  The Ninth Circuit has recognized that

14   attorneys in common fund cases are frequently awarded a ***multiple*** of their lodestar, rewarding

15   them "for taking the risk of nonpayment by paying them a premium over their normal hourly rates

16   for winning contingency cases."  *Vizcaino*, 290 F.3d at 1051.  For example, the district court in

17   *Vizcaino* approved a fee that reflected a multiple of 3.65 times counsel's lodestar.  *Id*.  The Ninth

18   Circuit affirmed, holding that the district court correctly considered the range of multiples applied

19   in common fund cases and noting that a range of lodestar multiples from 1.0 to 4.0 are frequently

20   awarded.  *Id*.; *see also Steiner v. Am. Broad. Co., Inc.*, 248 F. App'x 780, 783 (9th Cir. 2007)

21   (6.85 multiplier "falls well within the range of multipliers that courts have allowed").

22           Courts have also noted that a percentage fee that falls ***below*** counsel's lodestar supports

23   the reasonableness of the award.  *See, e.g.*, *In re Portal Software, Inc. Sec. Litig*., No. C-03-5138

24   VRW, 2007 WL 4171201, at *16 (N.D. Cal. Nov. 26, 2007) ("negative multiplier suggests that

25

26   _____
     [6]      Class Counsel will address any future objections in its reply papers, which will be filed
     with the Court by September 19, 2019.

27   [7]      Plaintiffs' Counsel's lodestar is also reported according to the category of work
     conducted.  *See* Exs. 7-B, 8-B, and 9-B.

28                                            11

1   the percentage-based amount is reasonable and fair"); *Amgen*, 2016 WL 10571773, at *9 (same);

2   *In re Biolase, Inc. Sec. Litig.*, No. SACV 13-1300-JLS (FFMx), 2015 WL 12720318, at *8 (C.D.

3   Cal. Oct. 13, 2015) (same).  Moreover, a negative multiplier, like the negative multiplier here,

4   means that Class Counsel is seeking to be paid "for only a portion of the hours that they expended

5   on the action."  *Amgen*, 2016 WL 10571773, at *9.

6         Plaintiffs' Counsel's lodestar represents 28,969.8 hours of work at counsel's current

7   hourly rates.[8]   Weintraub Decl. ¶133.   Counsel's rates range from $600 to $1,050 for

8   partners/members, $675 to $940 for of counsel, and $285 to $625 for other attorneys, including

9   staff attorneys.  *See id.* ¶132; Exs. 7-A, 8-A, and 9-A.  Class Counsel submits that these rates are

10  comparable or less than those used by peer defense-side law firms litigating matters of similar

11  magnitude.  Sample defense firm rates in 2018, gathered by Plaintiffs' Counsel from bankruptcy

12  court filings nationwide, often exceeded these rates.  Weintraub Decl. ¶132; Ex. 11.

13        Moreover, additional work will be required of Class Counsel on an ongoing basis,

14  including: correspondence with Class Members; preparation for, and participation in, the final

15  approval hearing; supervision of the claims administration process conducted by the Claims

16  Administrator; and supervision of the distribution of the Net Settlement Fund to Settlement Class

17  Members who have submitted valid Claim Forms.  However, Class Counsel will not seek payment

18  for this additional work.

19  **II.   PLAINTIFFS' COUNSEL'S EXPENSES ARE REASONABLE AND WERE
         NECESSARY TO ACHIEVE THE BENEFIT OBTAINED**

20        Plaintiffs' Counsel have incurred expenses in the aggregate amount of $885,149.36 in

21  prosecuting the Action.  *See* Weintraub Decl. ¶136; Exs. 7-C, 8-C, and 9-C.  These expenses are

22  outlined in Plaintiffs' Counsel's individual fee and expense declarations submitted to the Court

23

24

25

26  ───────────────
    [8]      The Supreme Court and other courts have held that the use of current rates is proper since
    such rates compensate for inflation and the loss of use of funds.  *See Mo. v. Jenkins by Agyei*, 491
    U.S. 274, 283-84 (1989); *Rutti v. Lojack Corp., Inc.*, No. SACV 06-350 DOC (JCx), 2012 WL
27  3151077, at *11 (C.D. Cal. July 31, 2012) ("it is well-established that counsel is entitled to
    current, not historic, hourly rates") (citing *Jenkins*, 491 U.S. at 284).

28
───────────────────────────────────────────────────────────────
12

1  concurrently herewith.  *Id*.  Again, they are lower than the maximum $1 million amount of

2  expenses listed in the Settlement Notice.

3       As the *Vincent* court noted, "[a]ttorneys who create a common fund are entitled to the

4  reimbursement of expenses they advanced for the benefit of the class."  2013 WL 621865, at *5.

5  In assessing whether counsel's expenses are compensable in a common fund case, courts look to

6  whether the particular costs are of the type typically billed by attorneys to paying clients in the

7  marketplace.  *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("[Plaintiff] may recover as

8  part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged

9  to a fee paying client.'").

10       Here, the expenses sought by Plaintiffs' Counsel are of the type that are charged to hourly

11  paying clients and, therefore, should be paid out of the common fund.  The main expense here

12  relates to work performed by the Class Representatives' testifying and consulting experts

13  ($371,627.91, or approximately 42 % of total expenses).  Weintraub Decl. ¶139

14       Plaintiffs' Counsel were also required to travel in connection with numerous Court

15  appearances and depositions, as well as a mediation.  Work-related transportation, lodging, and

16  meal costs totaled $98,712.80, or approximately 11%, of aggregate expenses.  *Id.* ¶141.  All

17  airfare and expenses reflect economy rates.  Such expenses are reimbursable.  *See In re Immune*

18  *Response Sec. Litig*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("reimbursement for travel

19  expenses . . . is within the broad discretion of the Court").  Mediation fees were an additional

20  $46,733.60 (5.2% of total expenses).  *Id.* ¶140.

21       As explained above and in the Weintraub Declaration, a vast amount of fact discovery

22  was taken in the case, in addition to expert discovery.  Class Counsel seeks $199,785.19

23  (approximately 23% of total expenses) relating to litigation support services, such as the costs

24  associated with electronic discovery.  *Id.*  Expenses totaling $65,655.77 (nearly 7% of total

25  expenses) were incurred in connection with court reporting and the 13 depositions (fact and

26  expert) taken in this Action.  *Id.*

27

28

13

1    The other expenses for which Plaintiffs' Counsel seek payment are the types of expenses

2    that are necessarily incurred in litigation and routinely charged to clients billed by the hour.  The

3    expenses include court fees, online legal and factual research, court reporting fees, and costs

4    related to document production.

5    In sum, all of Plaintiffs' Counsel's expenses, in an aggregate amount of $885,149.36, are

6    typical in litigation, were necessary to the successful prosecution and resolution of the claims

7    against Defendants, and should be approved.

8    **III.    CLASS REPRESENTATIVES' REQUEST FOR PSLRA REIMBURSEMENT**

9    The PSLRA, 15 U.S.C. §78u-4(a)(4), limits a class representative's recovery to an amount

10   "equal, on a per share basis, to the portion of the final judgment or settlement awarded to all other

11   members of the class[,]" but also provides that "[n]othing in this paragraph shall be construed to

12   limit the award of reasonable costs and expenses (including lost wages) directly relating to the

13   representation of the class to any representative party serving on behalf of a class."  Here, as

14   detailed in their respective declarations (Exs. 1-5), Class Representatives Bristol, Pavers and Road

15   Builders Benefit Funds, the NNERF, and Massachusetts Laborers are seeking the aggregate

16   amount of $31,049.44 in expenses related to their active participation in this Action.  Each Class

17   Representative worked diligently with Plaintiffs' Counsel overseeing the Action and, among

18   other things, reviewed filings, responded to discovery requests, produced documents, and sat for

19   a deposition.

20   Many courts have approved reasonable payments to compensate class representatives for

21   the time, effort, and expenses devoted by them on behalf of a class.  *See, e.g.*, *Hatamian v.*

22   *Advanced Micro Devices, Inc.*, No. 4:14-cv-00226-YGR, slip op. at 4 (N.D. Cal. Mar. 2, 2018)

23   (awarding costs and expenses to two class representatives in the amount of $8,348.25 and

24   $14,875.00, respectively); *In re Broadcom Corp. Class Action Litig.*, No. 2:06-cv-05036-R-CW,

25   slip op. at 2 (C.D. Cal. Dec. 4, 2012) (awarding costs and expenses to class representative in the

26   amount of $21,087); *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, No. 04 Civ. 08144(CM),

27   2009 WL 5178546, at *21 (S.D.N.Y. Dec. 23, 2009) (awarding $144,657.14 to the New Jersey

28

1  Plaintiffs and $70,000 to the Ohio Plaintiffs); *In re Satyam Comput. Servs. Ltd. Sec. Litig.*, No.

2  1:09-md-02027-JPO, slip op. at 3-4 (S.D.N.Y. Sept. 13, 2011) (awarding $193,111 to class

3  representatives).  As explained in one decision, courts "award such costs and expenses both to

4  reimburse the named plaintiffs for expenses incurred through their involvement with the action

5  and lost wages, as well as provide an incentive for such plaintiffs to remain involved in the

6  litigation and to incur such expenses in the first place." *Hicks v. Stanley*, No. 01 Civ. 10071(RJH),

7  2005 WL 2757792, at *10 (S.D.N.Y. Oct. 24, 2005).  Class Counsel and Class Representatives

8  respectfully submit that the amounts sought here are reasonable based on Class Representatives'

9  active involvement in this Action from inception to settlement and are at the low end of

10  reimbursements regularly awarded in similar actions.

## CONCLUSION

12        For all of the foregoing reasons, Class Counsel respectfully requests that the Court award

13  attorneys' fees of 25% of the Settlement Fund and litigation expenses in the amount of

14  $885,149.36 (including accrued interest), and PSLRA reimbursement to Class Representatives in

15  the aggregate amount of $31,049.44.  A proposed order will be submitted with Class Counsel's

16  reply papers, after the September 5, 2019 objection deadline has passed.

17  Dated:  August 22, 2019            Respectfully submitted,

18                           **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

19                           By: */s/ Max R. Schwartz*

20                           DEBORAH CLARK-WEINTRAUB (*pro hac vice*)
                         MAX R. SCHWARTZ (*pro hac vice*)

21                           The Helmsley Building
                         230 Park Avenue, 17th Floor

22                           New York, NY 10169
                         Telephone: (212) 223-6444

23                           Facsimile:  (212) 223-6334
                         Email: dweintraub@scott-scott.com

24                                       mschwartz@scott-scott.com

25                           *Attorneys for Class Representatives and the Class*

26                           JONATHAN GARDNER (*pro hac vice*)
                         CAROL C. VILLEGAS (*pro hac vice*)

27                           ROSS M. KAMHI (*pro hac vice*)
                         **LABATON SUCHAROW LLP**

28                           140 Broadway

1   New York, NY 10005
    Telephone: (212) 907-0700
2   Facsimile:  (212) 818-0477
    Email: jgardner@labaton.com
3           cvillegas@labaton.com
            rkamhi@labaton.com
4
    STEVEN J. TOLL (*pro hac vice*)
5   **COHEN MILSTEIN SELLERS & TOLL PLLC**
    1100 New York Avenue, NW Suite 500
6   Washington, DC 20005
    Telephone: (202) 408-4600
7   Facsimile:  (202) 408-4699
    Email: stoll@cohenmilstein.com
8
    CHRISTINA D. SALER (*pro hac vice*)
9   **COHEN MILSTEIN SELLERS & TOLL PLLC**
    Three Logan Square
10  1717 Arch Street, Suite 3610
    Philadelphia, PA 19103
11  Telephone: (267) 479-5700
    Facsimile:  (267) 479-5701
12  Email: csaler@cohenmilstein.com

13  CHRISTOPHER LOMETTI (*pro hac vice*)
    **COHEN MILSTEIN SELLERS & TOLL PLLC**
14  88 Pine Street, 14th Floor
    New York, NY 10005
15  Telephone: (212) 838-7797
    Facsimile:  (212) 838-7745
16  Email: clometti@cohenmilstein.com

17  *Additional Plaintiffs' Counsel*

18

19

20

21

22

23

24

25

26

27

28

16

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on August 22, 2019, I authorized the electronic filing of the foregoing

3  with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

4  to the e-mail addresses denoted on the attached Electronic Mail Notice List.

5        I certify under penalty of perjury under the laws of the United States of America that the

6  foregoing is true and correct.

7        Executed on August 22, 2019, at New York, New York

8

                    */s/ Max R. Schwartz*
                    MAX R. SCHWARTZ (*pro hac vice*)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

NOTICE OF MOTION & MOTION FOR AWARD OF ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 3:15-CV-01455-VC